THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.*
VÍCTOR LÓPEZ JIMÉNEZ, Defendant and Appellant.

No. CR-67-82.      Decided May 29, 1968.

**130**

*William Fred Santiago, Dennis Martínez Irizarry,* and *José M. Canals* for appellant. *J. F. Rodríguez Rivera, Acting Solicitor General,* for The People.

MR. JUSTICE RAMÍREZ BAGES delivered the opinion of the Court.

Appellant was accused of assaulting and battering a human being with a contusive weapon with the firm and determined intent of killing him. He was convicted of assault to commit homicide and sentenced to serve from one to three years in the penitentiary.

On appeal he assigns that (1) the verdict is contrary to the evidence; and (2) the trial court erred in allowing the information to be amended and in not postponing the trial pursuant to Rule 38 of the Rules of Criminal Procedure.

The facts of the case are the following:

On January 1, 1966, at about 1:30 a.m., Andrés Guivas Rivera and his son, Andrés Guivas Ramos, were travelling in a taxi owned by the father and driven by the son. Upon reaching a "Stop" sign, in William Jones St. of Santurce, they stopped and "immediately a group of youngsters gathered," and asked them to take them to a certain place to which Guivas Rivera answered that the taxi was taken and that they were not going anyplace. One of the youths slapped

Guivas Rivera. The latter and his son got out of the car and wrestled with two of the youths. Appellant began to wrestle with the son while Guivas Rivera wrestled with the other. Sometime during the struggle appellant pulled away from Guivas Rivera's son and went where Guivas Rivera was fighting with the other youth. He jumped on Guivas Rivera and pinioned him. While thus pinioned, the other youth took out something from under his coat and wounded him. Then they fled. The victim's son warned appellant that "that will not be forgotten" and the latter replied that he was "Víctor of the 26th." The son took his father to the Auxilio Mutuo Hospital to be treated for the wound and from there he was referred to San Patricio Hospital.

Subsequently, the son identified appellant as the one who had held his father while the other wounded him. He was also identified by the victim and his son during the trial.

There is no controversy on those facts and it is thus admitted by appellant in his brief.

At the commencement of the trial, the prosecuting attorney requested leave to amend the information in order to allege therein "in concert and mutual agreement with another person assaulted and battered another person with a weapon." The defense objected because it was sought to add new defendants. The trial judge stated that they were not accusing anybody else and allowed the amendment. The defense moved then for the continuance of the trial pursuant to the aforesaid Rule 38. The prosecuting attorney argued that it was a question of an amendment of form not of substance. The trial court denied the continuance. After the prosecuting attorney set forth the theory of the case, the trial court charged the jury that "Then the court believes that it is a case of assault to commit homicide and you will disregard assault to commit murder in this case."

1. In support of his first assignment appellant states that in the offense for which he was tried and convicted there

cannot exist in any manner the situation of previous design, of common design, of agreement between the assailants, because voluntary manslaughter is characterized by the suddenness of the quarrel; that since appellant did not use any weapon against the victim the coauthorship must be established on the basis of previous agreement, and said previous agreement is logically and juridically impossible in a situation which is characterized by a sudden quarrel and a short wrestling; that the facts of the instant case do' not, even remotely, support the finding that appellant herein knew beforehand that one of his companions possessed or was going to use a knife; that therefore the instructions to the jury are erroneous. We do not agree.

The courts have generally held that a person is guilty of homicide, as principal or coauthor, if in any manner he has aided or assisted the principal actor during the commission of the crime. Moreover, it has been held that if a person incites or encourages another under circumstances other than a conspiracy, he is principal in the crime of homicide if the victim dies. *State* v. *Recke*, 278 S.W. 995 (Mo. 1925). A participant in a fight is to be judged according to his own intent and not on the basis of another person's intent, unless he adopts and ratifies the intent of such other person by aiding him by acts or encouraging him by words or gestures. *Bibby* v. *State*, 65 S.W. 193 (Texas 1901). The intention to kill or to aid another in the commission of the offense may be formed (and on many occasions is formed) at the scene of the crime. Under such circumstances the aider becomes principal and abettor because he adopts the criminal intent of the principal. *State* v. *Ochoa*, 72 P.2d 609 (N.M. 1937). See also, *State* v. *Salazar*, 431 P.2d 62 (N.M. 1967); *People* v. *Martin*, 85 P.2d 880 (Colo. 1938). A person involved in an assault to commit homicide who aids the principal actor holding the victim so that the other stabs him is principal or coauthor in said assault. Evidence show-

ing that a defendant and another person were involved in a fight with a victim, and the defendant held the victim while another stabbed him with a knife, is sufficient to support a verdict of voluntary manslaughter against defendant. *Brutton* v. *State*, 305 P.2d 1045 (Okla. Crim. 1957). See also, Silving, Helen, Constituent Elements of Crime 141 (1967); annotation entitled *Who other than the Author is liable for Manslaughter*, 95 A.L.R.2d 175.

Appellant seems to rely on the case of *Bibby* v. *State*, *supra*, but that case is very different from the case at bar. There was no evidence that the appellant had used a weapon or that he knew that his companions in the commission of the offense used knives, as they did, far from where appellant was; also there was no evidence that the latter in that case, by any act of his, had aided or abetted his companions in their use of knives.

In the instant case the unrebutted evidence showed that although appellant did not use the weapon which wounded the victim, however, he aided the assailant to carry out the act, breaking loose from his fight and running to hold the victim while the other youth wounded him. As we said previously, the intention to kill or to aid, may be formed at the scene of the crime.

■ Appellant complains that the instructions to the jury were erroneous as to the element of intent in the offense of assault to commit homicide. We have examined them and find that they are not.[1] Actually, those instructions, far from prejudicing defendant favored him greatly.

---

[1] The instructions in question were the following:
". . . It is not necessary that in the offense of homicide the intention of taking away the life of the person assaulted should exist, but such intention may exist in the mind of the aggressor at the time of carrying out the fatal act and when the defendant has committed an assault with such intention, that is, the intent to kill without purpose then, and in the absence of malice the offense is reduced to or becomes assault to commit homicide. In other words, to make it clear, the offense of assault

■ Under § 36 of the Penal Code (33 L.P.R.A. § 82);[2] a person may aid or abet, advise or encourage another in the commission of an offense without previously entering into a conspiracy with that person. *People* v. *Madison*, 51 Cal. Reptr. 851 (1966); *People* v. *Fleming*, 191 Cal. App.2d 163 (1960); *People* v. *Turner*, 86 Cal. App.2d 791 (1948).

■ When the court had finished giving its instructions to the jury, it asked whether the parties had any instruction to submit in writing to the consideration of the court. The prosecuting attorney as well as counsel for the defense answered that they had none. Likewise, no objection was raised to the instructions. Therefore, appellant waived any error therein which did not impair his fundamental rights. *People* v. *Del Valle*, 91 P.R.R. 167, 172 (1964).

---

to commit homicide is nothing more than a frustrated homicide, which has not been consummated because a factor, extraneous to the aggressor's will, has intervened to prevent such consummation. In other words that death does [not] occur but that all the elements have been present to make it an offense of voluntary manslaughter if the death occurs.

"The word 'intention' has not been defined precisely in our Code by law, but it reveals a design concerning the determination of death. And I repeat, in order that you may determine, when considering a certain set of facts, whether the offense of assault to commit homicide has been committed, you must ask yourselves the following question; 'if the alleged victim had died, would his death have constituted the offense of voluntary manslaughter?' And if you answer that question affirmatively then the death having been frustrated but all the requirements to cause death being present, the offense committed is assault to commit homicide. . . .

". . . as the intent is a subjective phenomenon, it is something which rests deep inside, cannot be seen, is formless, has no body, it must be presumed, inferred from the circumstances concerning the very fact which is investigated . . . ."

[2] Section 36 of the Penal Code provides that:

"All persons concerned in the commission of a crime whether it be felony or misdemeanor, and whether they directly commit the act constituting the offense, or aid or abet in its commission, or, not being present, have advised and encouraged its commission, and all persons counseling, advising, or encouraging children under the age of fourteen years, lunatics or idiots, to commit any crime, or who, by fraud, contrivance, or force, occasion the drunkenness of another for the purpose of causing him to commit any crime, are principals in any crime so committed."

We conclude from the foregoing that the first error assigned was not committed.

2. In support of the second assignment appellant maintains that the amendment to the information and the refusal of the trial judge to postpone the trial prejudiced him in his fundamental rights because "evidently a defense prepared in relation to the original information must necessarily be different when the element of conspiracy is added."

██ Under Rule 38 of the Rules of Criminal Procedure the trial shall be postponed when in the court's opinion the proposed amendment to the information impairs the substantial rights of the defendant; if the variance is of such a nature that the evidence establishes an offense different from the one charged, not included therein, or if it establishes an offense beyond the jurisdiction of the court, the case shall be dismissed. In the case at bar these circumstances are not present. The amendment touched on the manner the events occurred, which was not even necessary, since the information, as drafted, was sufficient without having to allege mutual agreement. The procedural effect of § 36 of the Penal Code of Puerto Rico is that all the persons concerned in the commission of a crime, whether they directly commit it, or aid or abet in its commission, may be accused, prosecuted and convicted as principals and it is not necessary to allege additional facts against a coauthor, other than the necessary ones against the principal. It was thus held in *Ochoa* v. *State*, *supra*, under a statute similar to § 36 of our Penal Code. Therefore, the second error assigned was not committed.

In view of the foregoing, the judgment rendered in this case by the Superior Court, San Juan Part, on August 22, 1966, will be affirmed.

Mr. Chief Justice Negrón Fernández did not participate herein. Mr. Justice Dávila concurs in the result.